UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF WASHINGTON

MICHAEL J. SHANKS and
JOAN E. SHANKS, et al.,                    )
                                           )
        Plaintiffs,                        )   NO.  CV-05-346-JLQ
                                           )
    vs.                                    )
                                           )  MEMORANDUM OPINION AND
                                           ) ORDER GRANTING DEFENDANTS'
VINCENT G. DRESSEL and                     ) MOTION TO DISMISS AND MOTION
JANET G. DRESSEL a/k/a JANET               ) FOR SUMMARY JUDGMENT, INTER
L. DRESSEL, and  CITY OF                   ) ALIA
SPOKANE, et al.,                           )
        Defendants.                        )
_____)

**Before the Court** are the Defendants Dressel's Motions to Dismiss, Motion

for an award of Attorney Fees, Costs and Damages, and Motion for Sanctions and

Defendants City of Spokane's  Motion for Summary Judgment heard on June 23,

2006.  Charles A. Cleveland appeared and argued on behalf of Plaintiffs.  Steven

Schneider appeared on behalf of Defendants Dressel.  Milt Rowland appeared and

argued on behalf of the Defendant City of Spokane, and Spokane City Employees.

Having reviewed the record, heard argument of counsel, and being fully advised in

this matter, **It Is Hereby Ordered** that the Defendants Dressel's Motion to

Dismiss is **Granted** and the City of Spokane's Motion for Summary Judgment is

**Granted.**  The Defendant Dressel's Motion for Award of Attorney Fees, Costs and

Damages  and Motion for Sanctions are **Denied** for the following reasons.

    Plaintiffs have sued the Dressels, the City of Spokane and City Employees

seeking to stop Defendants Dressel from conducting renovations under the

National Historic Preservation Act.   Defendant Dressel is a builder, and has

purchased over time a number of homes in the Gonzaga University region in the Logan Neighborhood of the Mission Avenue Area in Spokane, which undisputedly has been listed in the National Register of Historic Places.  He buys properties, applies for, and obtains permits from the City of Spokane to remodel such properties for student housing.

The Logan Neighborhood organization, to which Plaintiffs belong, oppose these developments.  They seek a variety of remedies and invoke this court's federal question jurisdiction under 28 U.S.C. § 1331.  They claim that the building permits issued to Mr. Dressel by the City violate the National Historic Preservation Act, 16 U.S.C. § 470 (NHPA) and 36 C. F. R. 60.1 and that the Defendants have adversely affected their property values under 42 U.S.C. § 1983.  The Complaint further alleges that the Defendants failed to enforce Spokane Municipal Code 17E.040 (City Wide Standards–Landmarks Commission) and the requirements set for forth in Spokane Municipal Code 11.19.270D which incorporate the standards set forth in the NHPA.

While the court is very sympathetic to the Plaintiffs due to the pictures of the construction being done in the Mission Avenue Historic District, unfortunately, the court finds that the Plaintiffs have not stated a federal claim for which relief may be granted and that this court therefore lacks jurisdiction over Plaintiffs' claims.

The National Historic Preservation Act imposes obligations on federal agencies only. *Lee v. Thornburgh,* 877 F.2d 1053, 1056 (D.C. Cir. 1989).  *See also Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir. 1998) stating that the core requirements of the NHPA concerns the "general process by which a federal agency must comply with it.

Our review of the statutory text persuades us that Congress intended

> [the NHPA) to have a limited reach; [it is] aimed solely at discouraging federal agencies from ignoring preservation values in projects they initiate, approve funds for or otherwise control.

*Lee, supra,* 877 F.2d 1056.

The regulations promulgated to enforce the NHPA explain that a listing in the National Registry of Historic Places "does not prohibit under Federal law or regulation any action which may otherwise be taken by the property owner with respect to the property.  36 C.F.R. § 682 states that the National Register "was designed to be and is administered as a planning tool" and that listing in the Register makes property owners eligible to be considered for Federal grants-in-aid for historic preservation, but does not regulate or limit the uses to which private property can be put.

Therefore, Plaintiffs have not stated a federal claim for violation of the NHPA.

Likewise there is no federal cause of action for violation of a Spokane Municipal Code.

Finally, Plaintiffs' claim that their due process and property rights have been violated under 42 U.S.C. § 1983 must fail as well.  *See Gonzaga University v. Doe,* 536 U.S. 273 (2002), where the Supreme Court held that a court's role in discerning whether personal rights exist in the § 1983 context requires a determination as to whether Congress intended to confer individual rights upon a class of beneficiaries and where there is no indication that Congress intends to create new individual rights, there is no basis for a private suit under § 1983.

Language that merely "benefits" putative plaintiffs without specific rights-creating language is insufficient to confer a personal federal right enforceable under § 1983.  It is not sufficient simply because a plaintiff receives a benefit from

Memorandum Opinion Granting Motion to Dismiss
and Motion for Summary Judgment inter alia -- 3

the statute at issue or is within its zone of interest.  Instead, under *Gonzaga's* more exacting standard, the test and structure of the statute in question must be examined to determine whether Congress intended to create a federal right gleaned from unambiguous explicit rights-creating language that focuses on rights, not benefits or interests.  If Congress wishes to create new rights enforceable under section 1983 it must do so in clear and unambiguous terms.

See *San Carlos Apache Tribe v. United States,* 272 F. Supp. 860 (D.AZ. 2003) (there is no private cause of action under the Fish and Wildlife Preservation Act, the **National Historic Preservation Act,** or the National Environmental Policy Act) (Emphasis added).    See also *Johnson v. City of Detroit,* 446 F.3d 614 (6th Cir. 2006) where the court relying on *Gonzaga, supra* upheld the dismissal of a claim seeking damages under § 1983 for lead-based paint poisoning allegedly violating the provisions of the Lead-Based Paint Poisoning Prevention Act, the United States Housing Act of 1937, and administrative regulations promulgated pursuant to those statutes.  The court held that those federal statutes and administrative regulations did not create individual federal rights enforceable under § 1983.

The statutory language of the NHPA may provide benefits to people such as the Plaintiffs here.  However, clearly there is no language whatsoever in the NHPA or any of the federal regulations thereto at 36 C.F.R. 60 creating a federal right for these Plaintiffs.  The NHPA sets forth the responsibilities of federal agencies and does not make any statement that could be construed as creating a federal right for these Plaintiffs under § 1983.

Accordingly, Defendants Dressel's Motion to Dismiss and Defendant City of Spokane's Motion for Summary Judgment are **Granted.**

Memorandum Opinion Granting Motion to Dismiss
and Motion for Summary Judgment inter alia -- 4

Plaintiffs' Motion for Attorney Fees, Costs and Damages  and Motion for Sanctions are **Denied.**  42 U.S.C. § 1988 permits the award of reasonable attorney fees at the court's discretion in any action to enforce a provision of § 1983.  Costs and damages may be awarded if Plaintiffs' claims have no basis in law or fact and are patently frivolous.  Sanctions are appropriate pursuant to Fed. R. Civ. P . 11 if Plaintiffs filed a frivolous action or was for an improper purpose.  *See Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1991) (*en banc).*  This lawsuit was not frivolous without basis in fact, and was not filed merely to vex or harass or for an improper purpose.  Plaintiffs have not filed any fraudulent document or made any untrue statements to constitute the abuse of the judicial process.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Memorandum Opinion and Order, enter judgment of dismissal of the complaint and the federal claims therein with prejudice, forward  copies to counsel, and close this file.

**DATED** this 4th day of July, 2006

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
